SAMUEL RINZLER, Appellant, v. LENA RINZLER, Respondent, and Another, Defendant.— Judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

SEAFORD LAND AND IMPROVEMENT CORPORATION, a Domestic Corporation, and Another, Appellants, v. NALMITH REALTY CORPORATION, Respondent, and Others, Defendants.— Judgment reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event, on the ground that the determination that after the execution and delivery of the bond and mortgage by the defendant, respondent, the said bond and mortgage were materially altered is against the weight of evidence. Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur. Settle order on notice. [See post, p. 826.]

STANDARD ACCIDENT INSURANCE COMPANY, Appellant, v. JOHN J. ACKERMAN and Another, as Administrators c. t. a. of the Estate of CLINTON G. SWACKHAMER, Deceased, Respondents.— Judgment reversed on the law and the facts and judgment directed for plaintiff for the sum of $1,027.35, with costs, the court being of opinion that the indemnity agreement is sufficiently broad to render the indemnitor liable for the legal fees incurred by plaintiff. Inconsistent findings are reversed and new findings will be made accordingly. Kapper, Carswell and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent. Settle order on notice.

TAPPAN AND NYACK BUS, INC., Appellant, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT and PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, Respondents.— On the court's own motion a reargument is ordered, for which purpose the case is ordered to be placed at the foot of the calendar of the April term. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

FRANK P. DANZILIO, Appellant, v. THE FIDELITY MUTUAL LIFE INSURANCE COMPANY, Respondent.— Judgment and amended judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. Appeal from order resettling findings dismissed. The plaintiff is entitled to an accounting for the limited period ensuing after Wallis had resigned and the defendant had made direct payments to date upon a showing by plaintiff of money actually due and owing from the defendant. Collateral or oral agreements, aside from the contractual relationship, between Wallis and the plaintiff should not be included within the scope of the accounting between these parties. Findings inconsistent with this decision are reversed. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur. Settle order on notice.

HENRY F. HOMEYER and Another, Respondents, v. PIEL BROTHERS and Others, Defendants, Impleaded with HENRY G. PIEL, Individually and as Trustee of MARIA PIEL, Appellant.— Order, in so far as it denies the motion to dismiss the amended complaint, affirmed, with fifty dollars costs and disbursements, with leave to appellant to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.